GEORGE C. HORN ET AL., APPELLANTS, V. COMMUNITY REFUSE DISPOSAL, INC., ET AL., APPELLEES, CITY OF NORFOLK, A MUNICIPAL CORPORATION, INTERVENER-APPELLEE.
180 N. W. 2d 691

Filed October 30, 1970. No. 37515.

Grady & Casky, for appellants.

Hutton, Hutton & Garden, for appellees.

Robert E. Otte, for intervener-appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a suit by a number of individual plaintiffs to enjoin the establishment and operation of a dump yard on rural real estate in Madison County, Nebraska. The district court denied the application of the plaintiffs for an injunction and dismissed plaintiffs' petition.

The defendant, Milton Retzlaff, was the owner of the southeast quarter of Section 13, Township 23 North, Range 1 West of the 6th P.M., in Madison County, Nebraska. The defendant, Community Refuse Disposal, Inc., entered into a contract with Retzlaff to purchase that 160-acre tract of land. The intended use was to establish, operate, and maintain a dump yard for disposal of garbage and other refuse by a sanitary landfill solid waste disposal operation. The intervener, City of Norfolk, had entered into a franchise contract with Community Refuse Disposal, Inc., for the construction, maintenance, and operation of a garbage disposal facility. The city had no approved garbage disposal facility. The former facility had been disapproved and condemned by the State Department of Health. The State Department of Health had approved an application for a license for a sanitary landfill solid waste disposal area on the real estate involved in this suit. No operations had begun at time of trial.

The distance and direction of the proposed site from the City of Norfolk is not shown in the record. The record does establish that the area within a mile and a half of the site in all directions is rural farmland. No zoning statutes or ordinances of any kind are involved.

One residence is located 160 feet north of the north boundary line of the disposal site. The residence build-

ings on another farm are approximately one-eighth of a mile south of the south boundary of the disposal site. All residence buildings of other plaintiffs are located approximately one-half mile or more from the nearest boundary of the disposal site.

The soil on the disposal site was sandy. The level of the ground was generally higher on the eastern two-thirds of the quarter-section and lower on the western one-third. The water table under the westerly 950 feet of the disposal site varied from 3.6 to 5 feet below the surface of the ground. On the eastern two-thirds, the water table was from 10 to 19 feet below the surface.

The plaintiffs' testimony was to the effect that operation of a dump would produce smoke, strong and offensive odors, attract rodents, and might pollute the ground water and the wells of some of the plaintiffs and depreciate the value of their property.

The defendants' evidence was that if the sanitary landfill solid waste disposal operation on this site was conducted in accordance with the rules and regulations of the State Department of Health, there would be no problem of offensive odors, rodents, nor pollution of ground or surface water.

The evidence is persuasive that it is possible to operate a sanitary landfill so that it will not emit offensive odors, pollute ground water, or be attractive to rodents. The rules and regulations adopted in 1969 enforcible by the State Department of Health under statutory authority are reasonably designed to produce that result.

The plaintiffs here have invoked injunctive relief against an anticipated nuisance. To enjoin an anticipated nuisance, it must be shown: (1) That the proposed construction or the use to be made of the property is a nuisance per se; or (2) that, while it may not amount to a nuisance per se, under the circumstances of the case, a nuisance must necessarily result from the contemplated act. See, Annotation, 55 A. L. R. 880; Demont v. Abbas, 149 Neb. 765, 32 N. W. 2d 737.

It is generally accepted that a refuse disposal operation is not a nuisance per se but it may become a nuisance in fact as a result of the manner in which it is operated. See, Annotation, 52 A. L. R. 2d 1134; Wood v. Town of Wilton, 156 Conn. 304, 240 A. 2d 904.

The burden rests on the one complaining to establish that the use to be made of the property must necessarily create a nuisance. Prauner v. Battle Creek Coop. Creamery, 173 Neb. 412, 113 N. W. 2d 518. The plaintiffs here failed to meet that burden.

The judgment of the trial court is affirmed.

AFFIRMED.